IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNY STEELE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-05-703-F |
| v. | ) | |
| | ) | |
| EDWARD L. EVANS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.[2] Petitioner alleges that 1,033 earned credits were improperly removed from his sentence calculation by an Oklahoma Department of Corrections ("DOC") auditor. Respondent has responded to the Petition and moves to dismiss the cause of action on the ground that it is moot. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

---

[1] Edward L. Evans has been appointed as the Acting Director of the Oklahoma Department of Corrections upon the retirement of former Director Ron Ward. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Edward L. Evans is substituted for former Director Ron Ward as the Respondent in this suit.

[2] A previous Report and Recommendation was entered by the undersigned recommending that Petitioner's request to proceed *in forma pauperis* be denied. Following the entry of the Report and Recommendation, Petitioner paid the filing fee. The Report and Recommendation was subsequently affirmed by U.S. District Judge Friot, and the matter was re-referred to the undersigned for further proceedings.

§636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as moot.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). In order for a case or controversy to exist under this constitutional provision, the plaintiff must have suffered an actual injury which can "'be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).

Petitioner asserts in the instant Petition filed June 20, 2005, that during an internal audit of his prison record conducted by a DOC auditor in 2002 the auditor removed 1,033 earned credits from his sentence calculation based on the auditor's opinion that Petitioner had stopped attending an educational program in 1993 and should have been reduced to a lower classification level, with a resulting reduced ability to earn sentence credits, due to this "program failure" in 1993. Petitioner contends that the auditor's retroactive removal of the earned credits, which were awarded by his unit classification committee during the ensuing years prior to the audit, violated his right to due process, as recognized in Mayberry v. Ward, No. 01-6364, 43 Fed. Appx. 343 (10th Cir. Aug. 2, 2002)(unpublished op.).

Respondent concedes that Petitioner has exhausted his administrative remedies concerning his due process claim. Respondent contends that the Petition is moot as a result of a decision by the Warden of the Jim E. Hamilton Correctional Center ("JEHCC"), where Petitioner was incarcerated at the time of the DOC's removal of Petitioner's earned credits.

Response, Ex. 7.  In an internal memorandum dated July 12, 2005, JEHCC Warden Bruce Howard notified Petitioner's custodian at the Union City Community Correctional Center, that

> [i]n June of 2002 and while assigned to this facility, a total of 1033 credits were removed during a records audit of inmate Johnny Steele, #88771.  These credits were removed as a result of inmate Steele's program failure and subsequent promotion to higher levels.  Upon review, and in consideration of policy and procedure and legal precedent, the decision has been made to restore those 1033 credits.

Response, Ex. 7.  Although given the opportunity to reply to Respondent's Response, Petitioner has not disputed the Respondent's assertion that the Petition is now mooted by the restoration of the 1,033 earned credits to Petitioner's sentence calculation record.  A copy of Petitioner's Consolidated Record Card attached to Respondent's Response reflects that in July 2005 the 1,033 earned credits were restored to his sentence calculation record.  Response, Ex. 1.  Therefore, the Petitioner has been afforded the remedy he seeks in the instant habeas Petition, and his Petition is now mooted by the restoration of the 1,033 earned credits to his sentence calculation record.  Accordingly, the Petition should be dismissed on the ground that it is moot.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 be DISMISSED as moot.  Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___August 29th___, 2005, in accordance with 28 U.S.C. §636 and

LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   9th   day of   August  , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE